UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD F. WILLIAMS,
      Plaintiff,

   v.                                    Case No. 14-CV-0148

WILLIAM J. POLLARD,
ANTHONY MELI,
CAPTAIN RADTKE,
MS. HAUTAMAKI,
CAPTAIN O'DONOVAN,
FRANCIS PALIEKARA,
NEVIN WEBSTER,
CO SPITTEL,
CO BEASLEY,
EDWARD F. WALL, and
JOHN DOE,
      Defendants.

## DECISION AND ORDER

Plaintiff, Howard F. Williams, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 27, 2014, I granted plaintiff's motion for leave to proceed in forma pauperis and screened plaintiff's complaint. I allowed plaintiff to proceed on First Amendment free exercise and retaliation claims, a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim, and Fourteenth Amendment equal protection and due process claims. These claims arise out of numerous incidents in which defendants allegedly confiscated plaintiff's religious materials related to the Nation of Islam and gave plaintiff conduct reports for possessing religious materials related to the Nation of Islam, as well as plaintiff's allegations of due process violations during his conduct report hearings and of an unwritten policy of banning literature on the

Nation of Islam. Now before me is defendants' motion to dismiss plaintiff's due process claims. Also before me are plaintiff's motion to amend the complaint and plaintiff's motion for judgment on the pleadings.[1]

## I. DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

The defendants filed their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For purposes of deciding this motion, I accept the allegations in plaintiff's complaint as true and draw all possible inferences in the plaintiff's favor. See Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, Ill., 779 F.3d 706, 711 (7th Cir. 2015).

### B. Defendants' Arguments

Defendants argue that plaintiff should not be allowed to proceed on his due process claims. With regard to plaintiff's procedural due process claim regarding a number of procedural problems with the hearings on his conduct reports and the resulting decisions, defendants submit that their actions were random and unauthorized and, therefore, adequate state law remedies exist to review plaintiff's discipline. Plaintiff's other due process claim is that there was an unwritten policy or custom banning materials referencing the Nation of Islam and/or related groups that violated his due process rights because he did not have notice that he could be punished for possessing those materials. Defendants submit that this claim fails as a matter of law.

### 1. Random and Unauthorized

---

[1] Plaintiff's motion for judgment on the pleadings is really a request that I decide the pending motions and issue a scheduling order. I will resolve the pending motions in this order and issue a separate scheduling order. I will deny this motion.

In analyzing a procedural due process claim it must first be determined whether defendants deprived plaintiff of a protected liberty or property interest.[2] Once it has been determined that a protected liberty interest or property interest is at stake, I must identify the process which was due. Hamlin v. Vaudenberg, 95 F.3d 580, 584 (7th Cir. 1996). Some circumstances require some kind of a hearing before the state deprives a person of liberty, while other circumstances only require a post-deprivation remedy, like a hearing or common-law tort remedy. Zinermon v. Burch, 494 U.S. 113, 128-32 (1990).

One circumstance that only requires a post-deprivation remedy is when the state actors' conduct was random and unauthorized. Id. Conduct is random and unauthorized if it is unpredictable. Hamlin, 95 F.3d at 584. Predictability is measured by the amount of discretion state procedures allow a state actor. Id. For example, if state procedures allow absolute discretion by state actors who hold disciplinary hearings, then it is predictable that those state actors may abuse their discretion, and some pre-deprivation process would be necessary. Id. On the other hand, when state procedures allow little or no discretion by state actors, the state cannot predict when or if a deprivation of liberty will occur. In this situation, the state actor's conduct is random and unauthorized by state procedure, and no process is "due" prior to the deprivation. Zinermon, 494 U.S. at 129 ("the State cannot be required constitutionally to do the impossible by providing pre-deprivation process.").

When a state actor's random and unauthorized conduct results in a deprivation of rights, process is "due" after the deprivation has occurred. An adequate post-deprivation

---

[2] I concluded for purposes of screening that plaintiff had a protected liberty interest in remaining in the general population, and defendant does not challenge this conclusion at this stage.

3

remedy cures the problem because the due process violation does not occur until the post-deprivation remedy is denied. In the context of procedural due process, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Id. at 126. "A suit based on a wrongful act that ignores the existence of a post-deprivation remedy is, in effect, one that considers only partial or unfinished state action." Morris v. McKeever, 655 F.Supp. 388, 391 (W.D. Va. 1987). A state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Whether a defendant's conduct is "random and unauthorized" is a question of law that may be decided at the motion to dismiss stage. See, e.g., Lolling v. Patterson, 966 F.2d 230, 234 (7th Cir. 1992); Wilson v. Civil Town of Clayton, 839 F.2d 375, 383 (7th Cir. 1998). In this case, the procedural errors the plaintiff complains of are all random and unauthorized departures from the applicable procedures regarding disciplinary hearings. Prison officials must follow the applicable procedures regarding disciplinary hearings, and they lack discretion to determine how to carry out those procedures. Hamlin, 95 F.3d at 584; see also Wis. Admin. Code §§ DOC 303.76-303.84. Because the state could not predict defendants' failure to follow the administrative rules, a pre-deprivation hearing would serve no purpose. See Armstrong v. Daily, 786 F.3d 529, 544 (7th Cir. 2015) (stating that this doctrine "applies . . . to conduct that is 'random and unauthorized' in the sense that the state could not predict the conduct causing the deprivation, could not provide a pre-deprivation hearing as a practical matter, and did not enable the deprivation through established state procedures and a broad delegation of power").

4

Additionally, Wisconsin has adequate post-deprivation proceedings for inmates wishing to challenge their disciplinary hearings. Hamlin, 95 F.3d at 585. For example,

> Wisconsin prisoners may file a complaint with the state Correctional Complaint Examiner. Wis. Admin. Code §§ DOC 310.04(3), 310.09. In addition, the state law writ of certiorari is available to challenge actions of the disciplinary committee that violate state law. Duenas v. Nagle, 765 F.Supp. 1393, 1400 (W.D. Wis. 1991). Furthermore, prisoners may be able to bring state law tort claims against prison officials. Scott v. McCaughtry, 810 F.Supp. 1015, 1020 (E.D. Wis. 1992).

Id. Thus, plaintiff's procedural due process claim fails because defendants were required to follow the procedures set forth in the Wisconsin Administrative Code and failed to do so and because adequate post-deprivation proceedings exist to remedy any wrongful deprivation of liberty.

Plaintiff's primary argument in opposition to defendants' motion to dismiss this claim is that he is indigent and it would be impossible for him to file in three courts when one court can hear all the claims. Here, plaintiff has no procedural due process claim regarding the random and unauthorized conduct of defendants. He does not allege that the state procedures themselves were inadequate, only that defendants failed to follow them. Those state procedures afforded defendants little discretion, and thus defendants' actions were random and unauthorized and no further process was "due" to plaintiff prior to the deprivation of his liberty. Thus, plaintiff has no claim that the state failed to provide constitutionally adequate pre-deprivation procedures. Further, there are constitutionally adequate post-deprivation procedures available for plaintiff through state law, and thus plaintiff has no claim that the state failed to provide constitutionally adequate post-

5

deprivation procedures. Therefore, plaintiff is unable to sustain this procedural due process claim.

**2.      Policy or Custom**

Plaintiff also alleges a due process claim that defendants had an unwritten policy of banning materials referencing the Nation of Islam and/or related groups under Wis. Admin. Code § DOC 303.20.  Plaintiff submits that this section of the Administrative Code is unconstitutionally vague to the point where it failed to provide him adequate notice that possession of Nation of Islam materials might lead to a conduct report. "A deprivation of liberty without fair notice of the acts that would give rise to such a deprivation violates the due process clause." Toston v. Thurmer, 689 F.3d 828, 832 (7th Cir. 2012).

Defendants argue that this claim fails as a matter of law.  They rely on Koutnik v. Brown, 456 F.3d 777, 783 (7th Cir. 2006), where the Seventh Circuit concluded that § DOC 303.20 was not unconstitutionally vague. The court stated, "the fact that the regulation provides some latitude to prison officials in defining gang symbols does not render it void for vagueness," especially "[g]iven the greater flexibility accorded prison officials to ensure order and safety in a prison population."  Id. In an unpublished decision in 2007, the Seventh Circuit affirmed the dismissal of a due process challenge to § DOC 303.20 and called the claim frivolous in light of Koutnik.  Gaustad v. Deppisch, 246 Fed. Appx. 392, 393 (7th Cir. 2007).  Given the Seventh Circuit's conclusion that § DOC 303.20 is not unconstitutionally vague, plaintiff's claim that the regulation's vagueness resulted in an unwritten policy banning Nation of Islam materials and that he thus did not have fair notice that possession of such materials would give rise to a deprivation of his liberty fails as a matter of law.

6

Plaintiff's First Amendment Free Exercise and Retaliation claims, his RLUIPA claims, and his Equal Protection claims are unaffected by defendants' motion to dismiss. They are the appropriate vehicles for plaintiff to challenge any violation of his constitutional rights. Accordingly, I will grant defendants' motion to dismiss plaintiff's due process claims, and the case will proceed with regard to the remaining claims.

## II. PLAINTIFF'S MOTION TO AMEND COMPLAINT

On the same day he filed his response to defendants' motion to dismiss, plaintiff filed a motion to amend and supplement his complaint. Attached to his motion was a 73-page complaint with 73 additional pages of exhibits. According to plaintiff, upon writing the conditions of confinement during his time in segregation, he realized they rose to the level of an Eighth Amendment violation. He therefore seeks to add an additional defendant and extensive claims regarding his conditions of confinement in segregation. In his reply brief, plaintiff writes that he believed my reference to his conditions of confinement in relation to his due process claim meant that I needed plaintiff to describe his conditions in segregation at some time in order for his due process claim to be heard.

Defendants oppose plaintiff's motion to amend and suggest that the proposed amended complaint violates the rules of joinder. Plaintiff's lengthy explanation of his conditions of confinement claims highlights how different they are from his original religious claims. Even though he has named many of the same defendants, these claims are unrelated and do not arise out of the same transaction, occurrence, or series of transactions or occurrences. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This is especially true now that I have dismissed plaintiff's due process claims, which means that plaintiff need not establish that a liberty interest was at stake when he was

7

sentenced to 180 days in segregation. See Sandin v. Connor, 515 U.S. 472, 484 (1995). I will deny plaintiff's motion to amend complaint. If plaintiff believes his conditions of confinement in segregation rose to the level of an Eighth Amendment violation, he may file a new complaint regarding those claims.

### III.  ORDER

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss procedural due process claims (Docket #23) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint (Docket #26) is **DENIED**.

**IT IS FURTHER ORDERED** plaintiff's motion for judgment on the pleadings (Docket # 32) is **DENIED**.

The court will issue a separate scheduling order.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge